UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON GOODE<br><br>            Plaintiff,<br>v.<br><br>MICHAEL CLEMENT,<br><br>            Defendant. | CIVIL ACTION<br>No. 3:20-cv-25 (CSH)<br><br>JANUARY 21, 2020 |

## INITIAL REVIEW ORDER

**HAIGHT, Senior District Judge:**

Plaintiff Jason Goode,[1] currently incarcerated at the Northern Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant Dr. Michael Clement in his individual capacity. Goode contends that Dr. Clement violated his constitutional rights by changing Goode's medical diet plan without his consent. Pursuant to 28 U.S.C. § 1915A, the Court now reviews Goode's complaint to determine whether his Section 1983 claims may proceed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28

---

[1] Goode was sentenced on August 11, 1995 to a 45-year sentence for felony murder.

U.S.C. § 1915A(b)(1)-(2); *Abrams v. Waters*, No. 3:17-CV-1659 (CSH), 2018 WL 2926294, at *3 (D. Conn. June 8, 2018).

A complaint is adequately pled if its allegations, accepted as true and liberally construed, could "conceivably give rise to a viable claim." *See Green v. Martin*, 224 F. Supp. 3d 154, 160 (D. Conn. 2016) (citing *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005)). Although highly detailed allegations are not required, the complaint must state a claim that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)); *Allco Fin. Ltd. v. Klee*, 861 F.3d 82, 94 (2d Cir. 2017). A complaint states a claim that is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, the Court is not bound to accept "conclusory allegations." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S at 557).

If a plaintiff is proceeding *pro se*, it is well-established that his complaint "must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 Fed. Appx. 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); s*ee also Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, even when reviewing a *pro se* complaint, a court may not "invent factual allegations" that the plaintiff has not pleaded. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d 2010). A *pro se* complaint that contains "threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements," is not sufficient to state a viable claim. *See id.*

## FACTUAL ALLEGATIONS

The factual allegations contained in Plaintiff's complaint are recounted below.

Prior to February 27, 2019, Goode followed a high-calorie/ high-protein diet to address weight loss issues related to his kidney condition. Doc. 1 ("Complaint") ¶ 5. The high-calorie/ high-protein diet plan was authorized by Defendant Dr. Clement, an institutional doctor at the Northern Correctional Institution, per Goode's request. *Id.* On February 27, 2019, however, Goode was informed by the housing unit manager that Dr. Clement had switched Goode's high-calorie/ high-protein diet to a low-sodium diet. *Id.* ¶ 6. The low-sodium diet "is a medical diet to uniformly treat inmates suffering from kidney dysfunction." *Id.* Goode, however, did not consent to the new diet plan and immediately complained to the housing unit manager about the change. *Id.*

Between February 27, 2019 and March 5, 2019, Goode informed "any and all health services staff," both verbally and in writing, that he refused to follow the low-sodium diet because it was "a form of forced medical treatment." *Id.* ¶ 7. During this time, Goode consumed only liquids and, occasionally, fruit and "experienced episodes of delirium, enervation, and anxiety about additional kidney damage and weight loss." *Id.* ¶ 8.

On March 5, 2019, Goode saw Dr. Clement for a "sick call" visit, during which Goode chastised Dr. Clement for changing his diet plan without his consent. *Id.* ¶ 9. Consequently, on that same day, Dr. Clement discontinued the low-sodium diet plan and placed Goode on the regular meal plan prescribed to the majority of inmates. *Id.* ¶ 10. Goode, however, states that this meal plan is still improper for his medical needs. *Id.*

## DISCUSSION

Goode contends that Defendant violated his Fourteenth Amendment rights by changing his diet plan without his consent and despite Goode's medical needs. Although Goode relies on the Fourteenth Amendment, his claims are more appropriately brought under the Eighth Amendment, as he is incarcerated. *See e.g., Canady v. Correct Care Solutions*, No. 15-CV-4893 (KMK), 2017 WL 4280552, at *4 n.6 (S.D.N.Y. Sept. 25, 2017) ("The status of a plaintiff as either a convicted prisoner or pretrial detainee dictates whether his conditions of confinement are analyzed under the Eighth or Fourteenth Amendment"). As the Second Circuit explained, "[a] convicted prisoner's claim of deliberate indifference to his medical needs by those overseeing his care is analyzed under the Eighth Amendment because the right the plaintiff seeks to vindicate arises from the Eighth Amendment's prohibition of 'cruel and unusual punishment.'" *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009), *overruled on other grounds*, *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017). Because *pro se* plaintiff's claims are to be liberally construed, the Court will analyze Goode's claims concerning his medical diet under the Eighth Amendment.

A plaintiff may recover under Section 1983 for an Eighth Amendment violation if he demonstrates that the defendant has exhibited "deliberate indifference" to his "serious medical needs." *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (internal quotation marks omitted); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "not every lapse in medical care is a constitutional wrong." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). To sufficiently state his claim, a plaintiff must show both that the alleged deprivation of adequate medical care was "sufficiently serious" and that the defendant acted with the requisite *mens rea* of "deliberate indifference." *See id.*; *Canady*, 2017 WL 4280552, at *4.

First, a plaintiff must show that the conditions, to which he is subjected "pose an unreasonable risk of serious damage to his health" and that the alleged deprivation of adequate medical care is "sufficiently serious." *Darnell*, 849 F.3d at 30; *Salahuddin*, 467 F.3d at 279; *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). Where a prisoner receives some medical care, but that care is allegedly inadequate, the court must "examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *See Salahuddin*, 467 F.3d at 279; *see also Ferguson v. Cai*, No.11-6181, 2012 WL 2865474, at *4 (S.D.N.Y. July 12, 2012) (collecting cases).

Second, a plaintiff must show that the defendant acted with subjective recklessness—that is, the defendant knew of and disregarded "an excessive risk" to plaintiff's health or safety. *See Darnell*, 849 F.3d at 32; *Salahuddin*, 467 F.3d at 280. To know of and disregard an excessive risk to the plaintiff's health or safety, the defendant must be actually "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Darnell*, 849 F.3d at 32 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *Salahuddin*, 467 F.3d at 281 (noting that the "charged official must be subjectively aware that his conduct creates [substantial] risk [of harm]").

A mere negligence on the part of a medical professional, even if it constitutes medical malpractice, cannot amount to a constitutional violation. *See Clay v. Kellmurray*, 465 Fed. Appx. 46, 47 (2d Cir. 2012); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *see also Darnell*, 849 F.3d at 35 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence"). Further, "mere disagreement over the proper treatment does not create a constitutional claim," and "[s]o long as the treatment given is adequate, the fact

5

that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *accord Hathaway v. Coughlin*, 37 F.3d 63, 70 (2d Cir. 1994) ("Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidenced mere disagreement with considered medical judgment, we will not second guess the doctors.").

Additionally, although prisons have "an affirmative duty to provide their inmates with nutritionally adequate food," as long as the diet is nutritionally adequate, prison officials have the discretion to control its contents. *See Word v. Croce*, 169 F. Supp. 2d 219, 226 (S.D.N.Y. 2001) (citing *Divers v. Department of Corr.*, 921 F.2d 191, 194 (8th Cir.1990)). Thus, an inmate does not have a right to a specialized diet while incarcerated, absent religious or medically peculiar circumstances. *Id.*

In the instant case, construing the complaint liberally and interpreting it to raise the strongest arguments it suggests, Goode has alleged, at this stage of the litigation, that the low-sodium diet prescribed by Dr. Clement caused him to suffer symptoms that were "sufficiently serious." *See Darnell*, 849 F.3d at 30. Specifically, Goode alleges that while adhering to the low-sodium diet, he "experienced episodes of delirium, enervation, and anxiety about additional kidney damage and weight loss." Compl. ¶ 8. Although the low-sodium diet was discontinued after Goode complained to Dr. Clement, Goode alleges that the regular meal plan, which he now follows, is similarly inadequate for his health condition. Thus, accepting Plaintiff's allegations as true and interpreting them liberally, Goode has plausibly alleged that the diet prescribed by Dr. Clement was inadequate under the circumstances and posed an unreasonable risk to Goode's health. *See Salahuddin*, 467 F.3d at 279.

However, Goode fails to satisfy the second element of his Section 1983 claim—deliberate indifference on the part of Dr. Clement. Even a liberal reading of Goode's complaint does not plausibly suggest that Dr. Clement acted with deliberate indifference to Goode's health or safety. Goode does not allege that Dr. Clement knew of and disregarded facts which indicated that a low-sodium diet would pose "an excessive risk" to Goode's health and well-being. On the contrary, Goode, who suffers from a kidney condition, expressly concedes that a low-sodium medical diet is "uniformly" used to "treat all prisoner-patients who have kidney dysfunction." Compl. ¶ 6; *see Salahuddin*, 467 F.3d at 279–80 ("prison officials who act reasonably in response to an inmate-health risk cannot be found liable under the Cruel and Unusual Punishments Clause"). Although Goode alleges that he experienced adverse symptoms as a result of following a low-sodium diet, Goode does not plead any facts suggesting that Dr. Clement knew that a low-sodium diet, which is generally prescribed for patients with kidney dysfunction, would pose a health risk in Goode's particular case. Moreover, the fact that Dr. Clement discontinued the low-sodium diet within a week of initially prescribing it and immediately after Goode complained about his adverse symptoms suggests that Dr. Clement did not consciously disregard a serious risk to Goode's health—rather, he acted promptly to address it. *See* Compl. ¶ 10.

The fact that, following Goode's complaints, Dr. Clement did not restore Goode's high-protein/ high-calorie diet but, instead, placed him on a regular meal plan prescribed to the majority of inmates does not change this analysis. Even if Dr. Clement's choice of a diet plan can be properly characterized as a choice of medical treatment for Goode's health conditions, disagreements over proper medical treatment methods do not give rise to a constitutional claim

under § 1983. *See Chance*, 143 F.3d at 703. Because the treatment given was adequate—based on Goode's admission that a low-sodium diet is uniformly used to treat kidney dysfunction—the fact that Goode might prefer a different medical diet does not give rise to an Eighth Amendment violation. *Id.* Further, even if Dr. Clement was negligent in changing Goode's medical meal plan from a high calorie/ high protein diet to a low-sodium diet, negligence—or even medical malpractice—cannot amount to a constitutional violation. *See Clay* , 465 Fed. Appx. at 47; *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation"). It is also worth noting that Goode does not allege any facts sufficient to explain why he believes that a high-calorie/ high-protein diet is required for his particular medical circumstances, such as his kidney condition. Rather, Goode asserts in a conclusory fashion that no other diet is appropriate for his medical needs. For these reasons, Goode does not plausibly allege that Dr. Clement acted with deliberate indifference to an excessive risk to Goode's health and safety.

Additionally, because inmates do not have a right to a specialized diet, absent special medical circumstances, prison officials have the discretion to control the contents of an inmate's diet as long as the diet is nutritionally adequate. *See Word v. Croce*, 169 F. Supp. 2d 219, 226 (S.D.N.Y. 2001) (noting that a prisoner does not have a right to a specialized diet while incarcerated, absent religious or medically peculiar circumstances). Therefore, to establish a constitutional violation, Goode must sufficiently allege either that his special medical circumstances mandate a high-protein/ high-calorie diet, or that neither the low-sodium nor the regular diet are nutritionally adequate. *See Word v. Croce*, 169 F. Supp. 2d 219, 226 (S.D.N.Y.

8

2001) (noting that a prisoner does not have a right to a specialized diet while incarcerated, absent religious or medically peculiar circumstances). Goode fails to plead any facts suggesting that either the low-sodium or the regular meal plan is nutritionally inadequate. And, as discussed above, neither does Goode plausibly allege that his medical circumstances mandate a high-calorie/ high-protein diet. Thus, Goode fails to plausibly plead that he has a constitutional right to a special diet.

For these reasons, the Court finds that Goode has failed to state a claim under Section 1983 and dismisses his complaint.

## CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is DISMISSED without prejudice. To the extent Plaintiff can remedy the deficiencies identified in this Order, he may file an amended complaint within twenty-one (21) days of the date of this Order, on or before **February 11, 2020**. If no amended complaint is filed on or before **February 11, 2020**, Plaintiff's claims will be dismissed with prejudice.

It is **SO ORDERED**.

Dated:     January 21, 2020
           New Haven, Connecticut

                                                    */s/ Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    Senior United States District Judge